[No. 3,756.]

## CHARLES COHN *v.* CHARLES KEMBER.

ORDER APPOINTING ATTORNEY FOR ABSENT DEFENDANT.—An order appointing an attorney to appear for an absent defendant, cannot be based on an affidavit showing that the defendant resides out of the State, made fifteen days before the order is applied for. The affidavit should show the facts as they exist when the application is made for the order.

PROCEEDINGS AGAINST ABSENT DEFENDANT.—In proceeding against an absent defendant upon mere constructive service, the conditions of the statute must be strictly pursued, or the judgment cannot be supported upon appeal.

APPOINTMENT OF ATTORNEY BY THE COURT.—Whether a judgment rendered upon mere appointment by the Court of an attorney for the defendant, and without service, actual or constructive, can be upheld under any circumstances, not decided.

APPEAL from the District Court of the Sixth District, Sacramento County.

The action, which was to recover upon a promissory note, was commenced January 27th, 1873, and on the same day

the plaintiff filed an affidavit, in which he stated that the defendant resided in Paradise Valley, in the State of Nevada. On the 12th of February following, he moved the appointment of an attorney to represent the defendant. The motion was granted; an attorney was appointed, the case was tried the same day, and judgment was rendered for the plaintiff. The defendant appealed.

*Armstrong & Hinkson,* for Appellant.

*McKune & Welty,* for Respondent.

By the COURT:

The order appointing an attorney to appear for Kember was based only upon an affidavit sworn some fifteen days before the application for the order was made.

In *Forbes* v. *Hyde,* 31 Cal. 351, we said that the affidavit to obtain an order of publication of the summons against an absent defendant "should be prepared with reference to the condition of things as they exist at the time when the order of publication is applied for." In that case it was held that the order was not well supported by an affidavit made some four months before it was applied for.

We think that a delay of fifteen days between the making of the affidavit and the application for the order cannot be permitted. In proceeding against an absent defendant upon mere constructive service the conditions of the statute must be strictly pursued, or the judgment cannot be supported upon appeal taken.

This view renders it unnecessary to consider whether a judgment rendered upon mere appointment by the Court of an attorney for the defendant, and without service of process actual or constructive, could be upheld under any circumstances.

Judgment reversed and cause remanded.