ELLA E. B. ADAMS v. GEORGE S. HOSMER, CIRCUIT JUDGE OF WAYNE COUNTY.

*Equity practice—Affidavit of non-residence—Order of publication—Lapse of time.*

1. An order for the appearance of a defendant in a chancery suit is the result of an adjudication that the statutory cause exists, and, while the affidavit upon which the order is made must make a *prima facie* case, the degree of proof requisite is not the subject of review, if it can be said that such a case is made.

2. An unexplained delay in obtaining an order for the appearance of a non-resident defendant after the affidavit of non-residence is made should be a sufficient reason for denying the order, especially when the actual residence of the defendant is not shown, as in *N. Y. Baptist Union v. Atwell,* 95 Mich. 239, where a delay of five days was held fatal.

3. Where the affidavit of non-residence is made at a late hour Saturday, and the order of appearance is obtained early Monday morning, and at the first opportunity, the intervening Sunday should not be allowed to invalidate the order.

*Mandamus.* Submitted November 21, 1893. Granted December 4, 1893.

Relator applied for *mandamus* to compel respondent to hold valid an order of publication, and to proceed and hear the cause. The facts are stated in the opinion.

*Charles K. Latham* and *H. H. Rackham,* for relator.

HOOKER, C. J. The relator filed a bill for divorce, and procured an order of publication upon an affidavit which alleged that the defendant was a resident of the state of Oregon. This affidavit was sworn to on Saturday at a late hour, and the order was obtained from one of the circuit judges early Monday morning. Upon the hearing of the case, the bill being taken as confessed for want of appearance, the court (another judge) refused to hear the cause, upon the ground that the court had no jurisdiction. An application is now made for a *mandamus* to compel the court to hold valid the order of publication, and to proceed and hear said cause.

Substituted service is not favored, and all necessary facts to confer jurisdiction must affirmatively appear upon the record; and, not only must the statutory affidavit have been made, but it must be a part of the record. The recital of an affidavit in the order is not sufficient. *Platt v. Stewart,* 10 Mich. 260, and note; *King v. Harrington,* 14 Id. 532. But the

proceeding to acquire jurisdiction of non-resident defendants in chancery differs from that in attachment cases. In the latter the act is ministerial, the writ being issued by the clerk when certain statutory facts appear, among them the fact that the defendant, at the time of issuing the writ, is not a resident of the State. In such cases the Court has repeatedly held that the affidavit must be sworn to the same day that the writ issued, to exclude the possibility of the defendant's having become a resident between the dates of the two instruments. Relief was finally obtained from the hardships attendant upon that rule by legislation,[1] but the writ must still be issued before the expiration of the second day from the date of the affidavit, unless the statutory distance increases the time within which it may be obtained. In chancery cases, the order is the result of an adjudication that the statutory cause exists. It is true that the affidavit must make a *prima facie* case, without which the order is invalid, but the degree of proof requisite is not the subject of review, if it can be said that there is a *prima facie* case. 1 Barb. Ch. Pr. 92; *Soule v. Hough*, 45 Mich. 423, and cases cited; *Pettiford v. Zoellner*, Id. 358. It has been the policy of the courts to hold parties to a strict showing of the statutory requirements, and we think that a complainant should act with diligence. An unexplained delay in obtaining the order after the affidavit is made should be a sufficient reason for denying the order, especially when the actual residence of the defendant is not shown, as in the case of *N. Y. Baptist Union v. Atwell*, 95 Mich. 239, where a delay of five days was held fatal. In this case, however, the delay was not unreasonable, in view of the fact that the order was apparently obtained at the first opportunity. The intervening Sunday should not be allowed to invalidate the order. The chances of a residence in Oregon being lost,

---

[1] How. Stat. § 7987, subd. 6,

and one in Michigan gained, between Saturday night and Monday noon, were few, and the judge may well have been satisfied of the non-residence of the defendant by the proof furnished.

The writ will issue as prayed, but without costs.

The other Justices concurred.