**STATE ex rel. ALDRACH v. MORSE, Judge.**

No. 1790. Decided November 20, 1906 (87 Pac. 705).

1. DIVORCE—ACTION— STATE COURT — JURISDICTION — DOMICILE. — Where a husband and wife were married and resided in Utah, where the husband abandoned the wife, the matrimonial domicile was in that state, which was all that was essential to confer jurisdiction on its courts to decree a divorce, though the husband could not be personally served there.

2, SAME—CHANGE—ABANDONMENT OF WIFE.—Where a husband aban-
dons his wife and moves to another state, such abandonment does
not affect the matrimonial domicile for the purposes of an action
for divorce by the wife, and draw the same to the domicile of the
husband.

Application for writ of mandate by the state, on relation
of Emma K. Aldrach, against C. W. Morse, judge of the dis-
trict court of the Third judicial district.

RELIEF GRANTED.

*S. P. Armstrong* for petitioner.

*S. R. Thurman and Dey & Hoppaugh* amici curiae.

FRICK, J.

On the 14th day of July 1906, Emma K. Al-
drach, the petitioner herein, filed her affidavit and petition in
this court praying for a writ of mandate, wherein she states,
in substance, the following facts: That on the 6th day of
December, 1905, she duly filed her complaint against Wil-
liam K. Aldrach, her husband, in the district court of Salt
Lake county, Utah, in which, as appears therefrom, she al-
leged the necessary facts which entitled her to a decree of di-
vorce upon the grounds of willful desertion and for willful
failure to support. She alleged her residence as being and
having continued to be in Utah ever since her marriage to
said Aldrach, and that she and said Aldrach were married in
Utah, and were husband and wife. She further sets forth in
her petition all the facts necessary to confer jurisdiction upon
the district court aforesaid in an action for divorce granted
upon what is generally known as "constructive service." It
further appears that due service by publication was had in
conformity to the law of this state, that the defendant in said
action for divorce failed to appear therein, and that C. W.
Morse, the judge of said district court, the respondent herein,
upon a hearing of said cause, duly made and filed findings of
fact and conclusions of law, in substance as follows: That

the defendant' in said action, William F. Aldrach, was duly
served with summons by publication; that the petitioner and
Aldrach were married at Salt Lake City, Utah, on the 24th
day of May, 1893, and are husband and wife; that the peti-
tioner, plaintiff in said action, had been and was an actual
bona fide resident of Salt Lake City for more than one year
immediately preceding the commencement of said action;
that the petitioner and said Aldrach cohabited together as
husband and wife, and lived here and had their marriage
domicil in the state of Utah until September, 1904, when
said Aldrach willfully, and without cause or excuse, deserted
and abandoned the petitioner, and continues to willfully and
without cause so to do; further, that said Aldrach being able
so to do has willfully neglected to provide for petitioner and
her child, the fruit of said marriage, the necessaries of life,
and continues to neglect to so provide for her and said child.
As conclusions of law the said court found that the petitioner,
plaintiff in said action, is entitled to a decree of divorce, but
concludes, further, inasmuch as said Aldrach did not appear
in said action for divorce and was served with process by pub-
lication only, while being absent from the state of Utah, that
therefore the district court had not acquired jurisdiction of
said Aldrach, and upon that ground alone refused to grant pe-
titioner the decree of divorce. It further appears from the
record in said case that said Aldrach was a nonresident of the
state of Utah at and prior to the time said action for divorce
was commenced, and was a resident of the territory of Ari-
zona. The foregoing is a mere skeleton or outline of the facts
stated in the petition upon which the petitioner prayed that
the Honorable C. W. Morse, as judge of said district court, be
required to show cause to this court why a peremptory writ
of mandate should not issue against him requiring him to as-
sume jurisdiction of said action for divorce and enter a de-
cree in favor of the petitioner upon the findings of fact and
conclusions of law made and signed by him in said case. The
petition is duly verified, and upon being presented to this
court the then Chief Justice issued an alternative writ of
mandate directed to the respondent herein, of which he duly

admitted service, and in due time filed his answer thereto, in which he practically admits all the facts stated in said petition, but states that he is advised that in virtue of a decision in the case of *Haddock v. Haddock,* rendered by the Supreme Court of the United States, 26 Sup. Ct. 525, 50 L. Ed. 867, an enforceable decree of divorce could not be rendered in a case where the service upon an absent defendant therein was by publication only, and no appearance by him was made in the case, and that upon that ground alone he refused to render a decree of divorce in the action aforesaid. The applicant will be designated "petitioner," and the judge will be styled "respondent" in this opinion.

The only question for solution upon the foregoing facts is, should the respondent be required to assume jurisdiction of the divorce action, and in view of the findings of fact and conclusions of law made and filed by him, as judge of the district court of Salt Lake county, proceed to a completion of said action by granting a final decree of divorce to the petitioner? It seems to us there is but one answer possible to the foregoing proposition, which must be in the affirmative. Every essential element necessary under our law, both substantive and of procedure, is present in the divorce proceeding to entitle the petitioner to a decree of divorce. Neither do we think that the case of *Haddock v. Haddock,* 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867, can possibly be applied so that a different result could be reached. As we read that case, the one essential to confer jurisdiction upon a state court in divorce proceedings is what is denominated in that case "domicil of matrimony," and that such domicil must be within the state where the action is planted, and be with the party bringing the action. If such a domicil exists, then the state courts have full power to sever the marital relations upon constructive service in cases where statutory residence and a cause for divorce coexist.

As we view it, the pith of the whole matter is stated in *Haddock v. Haddock,* supra, at page 570 of 201 U. S., page 527 of 26 Sup. Ct. (50 L. Ed. 867), where Mr. Justice White, speaking for the majority of the court, says:

"Where the domicil of matrimony was in a particular state, and the husband abandons his wife and goes into another state, in order to avoid his marital obligations, such other state to which the husband has wrongfully fled, does not, in the nature of things, become a new domicil of matrimony, and therefore is not to be treated as the actual or constructive domicil of the wife. Hence, the place where the wife was domiciled when so abandoned constitutes her legal domicil until a new actual domicil by her elsewhere acquired."

It is further said, at page 571 of 201 U. S., page 528 of 26 Sup. Ct. (50 L. Ed. 867):

"So, also, it is settled that where the domicil of a husband is in a particular state, and that state is also the domicil of matrimony, the courts of such state, having jurisdiction over the husband, may, in virtue of the duty of the wife to be at the matrimonial domicil, disregard an unjustifiable absence therefrom, and treat the wife as having her domicil in the state of the matrimonial domicil for the purpose of the dissolution of the marriage, and as a result have power to render a judgment dissolving the marriage, which will be binding upon both parties and will be entitled to recognition in all other states by virtue of the full faith and credit clause."

If therefore, the abandonment of the wife by the husband does not affect the domicil of matrimony, and it is this domicil that confers jurisdiction and empowers the state courts to dissolve the marriage relation as to both parties, and such a dissolution, when made, is binding upon all the states, under the full faith and credit clause and of the federal Constitution, how can we avoid a conclusion in this case adverse to the petitioner? Can it reasonably be contended that the husband may obtain a dissolution binding upon all in a case where the wife deserts him, but the wife may not do so when the husband abandons the wife? This would be contending not only for an illogical, but to our minds an absurd, result. The Supreme Court of the United States, in the quotations above given, clearly points out that the fiction that the domicil of the husband is that of the wife does not apply where, as in this case, the husband has wrongfully abandoned the wife. In such a case the husband cannot draw to himself, by virtue of that fiction, the domicil of the wife; but the matrimonial—that is, the jurisdictional—domicil remains with the wife, and within the state of that domicil. In fact, this is

just what is decided in the *Haddock Case,* as we understand it.

We remark here, as it seems to us from a close analysis of the decision in the *Haddock Case,* that the matters therein really decided, which at first blush seem somewhat revolutionary, as regards divorces granted on constructive service, are after all more apparent than real. The whole difficulty arises out of the fact that both bench and bar have assumed the law to be a certain way in divorce proceedings, in the absence of an authoritative declaration, which is now made for the first time by the Supreme Court of the United States in the *Haddock Case.* The rule established in that case, as we understand it, may, for want of a better statement perhaps, be formulated as follows: Divorces may be granted by state courts upon constructive service where statutory cause and residence coexist, which become binding upon the parties, the courts of all states, and upon all persons: (1) In cases like the one at bar, where the parties are residents of the state at the time of the marriage, and thus establish a domicil of matrimony in that state, and the complaining party continues this domicil up to the time of the action. (2) In all cases where the parties are married out of the state, but come to reside in the state afterwards and recognize the marriage relation within the state, and thus establish a domicil of matrimony therein, and the party bringing the action continues this marital domicil up to the time of bringing the action. (3) In all cases where a statutory cause and residence coexist where personal service is had. We are not now concerned with the question of whether the courts in this state should grant divorces in cases falling within the third class, above stated, upon merely constructive service, or whether they should give force and effect to decrees of divorce when granted by courts other than the courts of this state. That is a question not presented by this record, and we are therefore not authorized to decide it. It can best be determined when it is presented in the proper way.

In view of the facts presented in this case, and the law applicable thereto, we are convinced that the respondent should

have granted the petitioner a decree of divorce dissolving the marital relations existing between her and her husband, and we so hold.

In concluding this opinion, we desire to make our acknowledgments to Messrs. S. R. Thurman, C. C. Dey, and A. L. Hoppaugh, whom we requested to act as friends of the court in this case, and who in that capacity have rendered us valuable service in presenting the questions involved.

It is therefore ordered that a peremptory writ of mandate be, and the same is hereby, granted, requiring respondent to assume jurisdiction of the case of *Emma K. Aldrach* (the petitioner herein) *v. William F. Aldrach* (her husband), and that the respondent vacate the conclusion of law that the district court of Salt Lake county has no jurisdiction of the person of the defendant in said action, and that he substitute therefore a conclusion of law in conformity with the law as stated in this opinion, and that he enter a decree of divorce dissolving the marriage relation existing between the petitioner herein and her husband, the defendant in said action, and grant her the relief prayed for in accordance with the findings of fact made by him in said action, and the conclusion of law as modified, as hereinbefore stated.

It is not deemed necessary to issue a peremptory writ in this case, not for the present at least, as the respondent will, undoubtedly, act on request, upon being advised of the views expressed in this opinion, or upon being served with a copy thereof. Neither party to recover any costs in this court.

Writ allowed.

MCCARTY, C. J., and STRAUP, J., concur.