ATKINSON v. ATKINSON.

No. 2475.   Decided July 8, 1913 (134 Pac. 595).

1. DIVORCE—SETTING ASIDE DECREE—DIRECT ATTACK—EQUITABLE RELIEF. A suit to set aside a divorce, granted upon service by publication, on the grounds that the affidavit for publication of summons fraudulently misstated the defendant's residence, and that there was unreasonable delay in issuing the order for publication, is a direct attack by a separate and distinct action and not a motion in the original proceedings.[1]   (Page 55.)

2. DIVORCE—DECREE—EQUITABLE RELIEF—DEFECTS IN SERVICE.   In a suit to set aside a decree of divorce, it is not necessary for the plaintiff to allege that she had a meritorious defense to the divorce action or to offer to submit to the jurisdiction of the court in that action, where the court had never had jurisdiction of her person or of the marriage relation.   (Page 56.)

3. JUDGMENT—SETTING ASIDE DEFAULTS—MERITORIOUS DEFENSE—NECESSITY.   Where a judgment debtor under the statute moves to set aside a default judgment, rendered upon constructive service, he must ordinarily submit himself to the jurisdiction of the court and also allege a good defense to the action.[2]   (Page 57.)

4. DIVORCE—SERVICE OF SUMMONS—PUBLICATION.   Where an order for the publication of summons in an action for divorce was not made until a month after the affidavit was filed, the affidavit no longer constituted *prima facie* evidence of the residence of the defendant, and the order was therefore void.   (Page 58.)

---

[1] Liebhardt v. Lawrence, 40 Utah, 243, 120 Pac. 215.

[2] State v. Morse, 31 Utah, 213, 87 Pac. 705, 7 L. R. A. (N. S.) 1127

APPEAL form District Court, Third District; *Hon. C. W. Morse,* Judge.

Action by Mary Atkinson against William J. Atkinson to annul and set aside decree of divorce.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*C. S. Patterson,* for appellant.

*J. H. Wolfe,* for respondent.

FRICK, J.

This is a proceeding in equity to set aside and annul a judgment or decree of divorce. The facts alleged in the complaint and found by the court are substantially as follows: That appellant and respondent were married at Patrick by Glasgow, Scotland, in 1881; that on the 14th day of August, 1909, appellant brought an action in the district court of Salt Lake county, Utah, to obtain a divorce from the respondent, who had never lived in Utah, and hence was a nonresident of this state, and absent therefrom; that service of summons in that action was made by publication, the order for which was based upon an affidavit which was sworn to by the appellant on the 9th day of July, 1909, in Salt Lake county, but was not filed until the 14th day of August following, and on that date the order for service by publication was made, and the complaint for a divorce filed; that appellant in said affidavit made oath that the respondent, at the time of making the same, was a nonresident of the state of Utah, and that her "last known address" was Cleveland, in the state of Ohio; that said appellant, at the time he made and filed said affidavit to obtain said order for service by publication, well knew that respondent was not a resident of Cleveland, Ohio, and also knew that she, at the several times stated in said affidavit, was a resident of Bridgeport in the state of Connecticut, and that the statements with respect to the

matters aforesaid were false; that respondent was not served with any notice or summons in said action, and she had no knowledge either that the same had been commenced or was pending; that the pretended service of summons was made upon her by publication in said action, which was based upon the affidavit and order aforesaid, and that on the 22d day of October, 1909, judgment by default was entered against her, whereby appellant was granted an interlocutory decree of divorce, which, on the 23d day of April, 1910 was made final and a final decree was then entered; that respondent had no notice of said decree, and did not know that the same had been obtained or entered as aforesaid until some time in November, 1911, and more than one year after the final decree aforesaid was rendered and entered in said action; that by reason of her want of notice and knowledge of the commencement and pendency of said action and the entry of said decree she did not appear therein, and failed to file an answer therein and defend the action. As conclusions of law, the court, in substance, found that by reason of the premises aforesaid the court "obtained no jurisdiction of the person" of respondent in said action for divorce; that said decree of divorce is void, and that respondent is entitled to have the same set aside and annulled. Judgment annulling said decree was entered accordingly, from which this appeal is prosecuted.

The first assignment of error argued in appellant's brief is that the court erred in not sustaining his demurrer to the complaint, because respondent did not allege therein that she had a meritorious defense to the action for divorce, and, further, because she did not consent that the court might have jurisdiction over her for the purpose of passing upon the merits of the action for divorce. In this connection it is contended that in seeking equity respondent must do equity. In our judgment the maxim has no application here. This action is a direct attack upon the service and judgment had and entered in the divorce action. *Liebhardt v. Lawrence,* 40 Utah, 243, 120 Pac. 215. It is a separate and distinct action and not a mere motion or proceeding in the original action for divorce

to set aside the judgment entered therein upon the ground that it was made within the time required by statute, or upon the ground of excusable neglect or inadvertence on the part of respondent. Her claim is that the appellant obtained the order for service of summons by publication by the practice of fraud and misrepresentation in that he misstated her place of residence in the affidavit. She further insists that, in not obtaining the order for publication until more than a month after the affidavit for service by publication had been sworn to, the court acquired no jurisdiction over her in the divorce action. Whether, under such circumstances, the judgment would be subject to collateral attack we need not determine, because, as already stated, this is a direct attack.

When it was made apparent from the facts set forth in the complaint that respondent sought to set aside the judgment entered in the divorce action upon the ground of fraud and want of jurisdiction, she stated a good cause of action, and we cannot see why a court should, as a condition to setting aside the judgment, have required her to submit herself to the jurisdicton of the court for the purposes of the original action. If such a rule were enforced, then a party who obtained a judgment by the practice of fraud and misrepresentation in obtaining service by publication could always rely upon the judgment, until his adversary submitted himself to the jurisdiction of the court and presented a sufficient defense to the original action.

Where a judgment is obtained by default upon constructive service, and the defendant moves to set the judgment aside by motion within the year allowed by our statute, or if he seeks to be permitted to open up the default judgment for the purpose of making a defense to the original action upon the ground of the excusable neglect or inadvertence, or for some other sufficient cause, the practice is well settled that, in order to have the judgment set aside and the cause reopened, he ordinarily must submit himself to the jurisdiction of the court, and must also set up a good defense to the action in the form of an affidavit or answer. But is this the rule without exception, and must a party also do this

in a case wherein the plaintiff has been guilty of fraud in inducing the court to assume jurisdiction of the action in which the default judgment is entered, or where, as here, the court never acquired jurisdiction of the person, because the order for service by publication and the pretended summons were void? If a plaintiff can enforce such a rule, then he in a divorce action would be permitted to take advantage of his own wrong, since he could compel the defendant in such an action to submit his or her person to the jurisdiction of the court, when neither personal nor subject-matter jurisdiction (the marriage which constitutes the res) could be obtained in any other way. For example, in the case at bar the marriage between appellant and respondent was solemnized in Scotland, a foreign country, and the parties never had lived together in this state and hence never had recognized the same therein. The "domicile of matrimony," therefore, was lacking in the divorce case, without which, as explained by the Supreme Court of the United States, in *Haddock v. Haddock,* 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1, approved and followed by the same court in *Thompson v. Thompson,* 226 U. S. 551, 33 Sup. Ct. 129, 57 L. Ed. ——, the state courts can acquire no jurisdiction of the res or subject-matter so as to render judgment which would be binding in a state other than where rendered, in cases where the only service is by publication, and no personal appearance is made by the defendant in the action. See, also, *State v. Morse,* 31 Utah, 213, 87 Pac. 705, 7 L. R. A. (N. S.) 1127.

If counsel's contention be allowed, therefore, the appellant could compel the respondent to appear in the original action and thus confer jurisdiction upon the court, both of the res and of her person, as a condition to having the decree of divorce set aside, which was rendered by a court, not only devoid of jurisdiction, but which, without her consent, could acquire none for the purpose of making a decree of divorce enforceable under the full faith and credit clause of the federal Constitution. We are clearly of the opinion that under such circumstances the district court was right in refusing to

require the respondent to subject herself to the jurisdiction of the court in the original action, as a condition to having the decree of divorce set aside. There may be some good reason why a party may not desire to have the case tried in a particular court or state, and if so such person need not, under circumstances like those in this case, submit his person to the jurisdiction of the court in order to be entitled to the relief sought. Under such circumstances the respondent was entitled to have the judgment set aside as a matter of right and not as a matter of grace. See *Dobbins v. McNamara,* 113 Ind. 54, 14 N. E. 887, 3 Am. St. Rep. 626; 1 Black on Judgments (2d Ed.) section 348. Counsel for appellant has cited no cases to the contrary. The first assignment must, therefore, be overruled.

It is next argued that the court erred in its conclusion of law that the order for service by publication was void, because it was based upon an affidavit which was sworn to more than one month before the original action was commenced and the order for service by publication was made. Comp. Laws 1907, section 2949, among other things, provides that, in case a defendant is a nonresident of this state and an affidavit is filed in which that fact is made to appear, and in case the place of residence of the nonresident defendant is known, such place must be stated, or if unknown, that such fact be stated. Then the statute directs that "the clerk of the court in which the action is commenced shall cause the service of the summons to be made by publication thereof." The clerk therefore issues the order in which he directs how long and in what newspaper the publication has to be made, and, in case the place of residence is stated in the affidavit, the clerk is also required to forward by U. S. mail a copy of the complaint and summons to the defendant's place of residence. It will be observed that the statute is silent with respect to when the order for service by publication must be made after the affidavit therefor is filed. This omission seems to be frequent if not usual in statutes authorizing service of summons by publication upon nonresident defendants. The construction and application

of statutes similar to ours have come before the courts upon various occasions. All the courts seem to hold that in order to confer jurisdiction upon the court the provisions of the statute must be followed with at least reasonable strictness. It has been held, therefore, that where no time is stated within which an order for service by publication must be made after the affidavit upon which the same is based is sworn to and filed, such order must be made within a reasonable time thereafter.

The question arises, therefore, what constitutes a reasonable time in such cases? It seems to us that the Supreme Court of Illinois, in the case of *Campbell v. McCahan*, 41 Ill. 45, disposes of that question in a very satisfactory manner. It is there held that by reasonable time is meant the time which is reasonably necessary for the party making the affidavit to take the same to and file it with the officer with whom the law requires it to be filed. For example, if the affidavit is sworn to in the county, city or town where the officer has his office, it should be filed and acted on practically on the same day on which it is sworn to. If it is sworn to in an adjoining or some other county in the state, then within such time that it requires, in due course of the mails or transportation, to carry the affidavit from the place where it is sworn to to the place where it must be filed. It is held, however, that in no case should the time intervening between the making of the affidavit and the filing thereof be so long as to destroy the affidavit as constituting *prima facie* evidence of the fact of nonresidence and absence from the state, and that such facts exist at the very time the affidavit is sworn to and filed. Some courts, therefore, have held that if any considerable time has elapsed between the making of the affidavit and the issuance of the order for service by publication so that in the meantime a nonresident defendant in the ordinary course of travel could have come into the state that the affidavit loses its force as *prima facie* evidence of the fact of nonresidence and absence from the state. See *Armstrong v. Middlestadt*, 22 Neb. 711, 36 N. W. 151. To the same effect are the following cases: *New York Baptist*

*Union v. Atwell,* 95 Mich. 239, 54 N. W. 760; *Adams v. Circuit Judge,* 98 Mich. 51, 56 N. W. 1051; *Cohn v. Kember,* 47 Cal. 144; and *Roosevelt v. Land & River Co.,* 108 Wis. 653, 84 N. W. 157. In *Cohn v. Kember, supra,* the Supreme Court of California held "that a delay of 15 days between the making of the affidavit and the application for the order (for publication) cannot be permitted." In *Campbell v. McChan, supra,* the Supreme Court of Illinois held that 20 days was not a reasonable time, and in *New York Baptist Union v. Atwell, supra,* the Supreme Court of Michigan held that, where five days intervened between the making of the affidavit and the order for service by publication, the order was void, and the court acquired no jurisdiction of the person of the defendant. In *Adams v. Circuit Judge, supra,* the same court held that an affidavit made on Saturday afternoon and filed on Monday morning, on which day the order for service by publication was made, was timely. The case from Nebraska is practically to the same effect as the Michigan case last cited. It is stated, however, in the Nebraska case that the court does not wish to be understood as holding that if a longer time had intervened the service by publication would have been held sufficient.

The cases therefore all seem to hold that under statutes like ours the time that intervened in the case at bar between the making of the affidavit and the issuance of the order for service by publication was fatal to the validity of the order, and that the court could not acquire jurisdiction. Counsel for appellant has failed to refer us to any cases holding to the contrary, and we have found none. We are forced to the conclusion, therefore, that the order for service by publication in this case was of no force or effect, and that the case must be treated the same as if no order for service by publication and no service had been made. The district court committed no error, therefore, in holding the order for service by publication and the pretended service of summons without any force or effect at least as against a direct attack.

Lastly, it is contended that the finding of the court that appellant's statement in his affidavit that the last known

place of residence of respondent was Cleveland, Ohio, was false is not sustained by the evidence. It must suffice to say that after considering the evidence we are of the opinion that there is sufficient evidence to sustain the finding. In view of the conclusions reached, however, upon the second proposition discussed herein the finding is not controlling.

The judgment is affirmed, with costs to respondent.

McCARTY, C. J., and STRAUP, J., concur.