CLARKE v. WAYNE CIRCUIT JUDGE.

1. DIVORCE—APPEARANCE—AFFIDAVIT OF NONRESIDENCE—TIME.
   In a suit for divorce, in which the complainant filed an affidavit of nonresidence that was sworn to on the day preceding commencement of the cause, the court could not properly decline to issue an order for appearance for the alleged reason that the affidavit should have been made after the commencement of suit, although the order must not be made until after the suit is commenced. 1 Comp. Laws, § 485, as amended (3 Comp. Laws 1915, § 12449).

2. SAME—INTENT—PERJURY—ESSENTIALS.
   A purported affidavit, on which perjury could not be assigned if it was wilfully false, would not, in law, be an affidavit at all.

3. SAME—TITLE—PRACTICE.
   As a general rule an affidavit should be entitled in the suit in which it is to be used. If there be no suit pending at the time, it should not be entitled. It was formerly held if a suit was pending and the affidavit was entitled in a suit not pending, it was a nullity.

4. SAME—ENTITLING AFFIDAVIT—STATUTE.
   That the affidavit was entitled in the contemplated suit was not a sufficient reason for treating it as invalid. It was made to be used in the suit, and was so used, and perjury could be assigned upon the statements made therein, if false. 3 Comp. Laws, § 11306, 3 Comp. Laws 1915, § 14973.

Mandamus by Cecil Clarke against George S. Hosmer, circuit judge of Wayne county, to require respondent to proceed and dispose of a suit for divorce. Submitted June 26, 1916. (Calendar No. 27,272.) Remanded September 26, 1916.

*McHugh, Gallagher, O'Neil & McGann,* for relator.

PERSON, J.  This is an application for a writ of mandamus, and grows out of the following facts: Relator, a resident of Detroit, began suit in Wayne county to obtain a divorce from her husband, George Clarke, who, at the time, was a nonresident of the State. Her bill of complaint was verified on the 23d day of September, 1915, but was not filed, so as to begin the suit, until the following day, that is, the 24th. After filing the bill, and on the same day, she obtained an order for the appearance of the defendant, and this order was duly published; but the affidavit of nonresidence, upon which it was based, had been sworn to on the preceding day, when the bill of complaint was verified, and before the suit was begun. After the time designated in the order for the defendant's appearance had expired, his default was entered, and the cause came on for hearing. Plaintiff's proofs were received, and the circuit judge presiding announced that they were of such a character as to entitle her to a divorce. And this opinion as to the effect of the proofs he repeats, in substance, in his return to this court. But, having discovered during the hearing that the affidavit of nonresidence was entitled in the cause, and that it had been sworn to before the suit was begun, he was also of the opinion that it was a nullity, that the order of publication based thereon was void, and that he was without jurisdiction to proceed with the case. Consequently he declined to sign and enter any decree. In opposition to this latter opinion of the circuit judge, it is insisted on behalf of relator, the complainant, that the affidavit of nonresidence was not rendered ineffective by the facts stated, and it is asked that this court direct the circuit judge to proceed and dispose of the suit.

The statute which provides for service on nonresident defendants reads, so far as quotation is necessary in this case, as follows:

"After the filing of a bill, the circuit judge or circuit court commissioner shall make an order for the appearance of the defendant, at a future day therein to be specified, as hereinafter directed in the following cases:

"*First*. When the defendant resides out of this State, upon proof by affidavit of that fact." 4 How. Stat. (2d Ed.) § 12003 (1 Comp. Laws, § 485, 3 Comp. Laws 1915, § 12449).

The use of the affidavit as proof upon which to issue the order is specifically authorized by the statute, and, while the order itself may not be made until after the commencement of the suit, there is no such statutory prohibition as to the affidavit. Nor is it suggested in the case at bar that an unreasonable period of time had elapsed between the making of the affidavit and the issuance of the order. *Adams v. Wayne Circuit Judge*, 98 Mich. 51 (56 N. W. 1051).

The circuit judge did not, however, condemn the affidavit because it was made on the day before the order was issued, but because, having been made when no suit was pending, and having been entitled in a cause not yet begun, it could not, in his opinion, even if wilfully false, be made the basis of a prosecution for perjury. And if this were so, the action of the circuit judge could not well be questioned, for a paper, purporting to be an affidavit, but upon which perjury could not be assigned if it were wilfully false, would not, in law, be an affidavit at all. The opinion of the circuit judge was undoubtedly based upon the remarks of Justice CHAMPLIN in *Beebe* v. *Morrell*, 76 Mich. 114, 119 (42 N. W. 1119, 1121, 15 Am. St. Rep. 316), where it was said:

"The general rule is that the affidavit must be entitled in the suit in which it is to be used. If there be no suit pending at the time, of course the affidavit must not be entitled. If a suit be pending, and the

affidavit is entitled in a suit not pending, the affidavit is a nullity. It is stated that the reason why the affidavit must be properly entitled is that otherwise perjury cannot be assigned upon it. And it is said that this rule had its origin in England. But an examination of the English cases will show that the rule there laid down was that affidavits for attachments for contempt, and to hold to bail, and others of that class, made when no suit was pending, if entitled, would be nullities, because no suit was pending in which they were entitled, and hence perjury could not be assigned upon them."

But the point before us now was not in issue nor decided in the *Beebe Case*, and the Justice was simply referring generally to what has sometimes been said to have been the common-law rule as to entitling affidavits. He refers particularly to affidavits to hold to bail, yet Judge Brady, in *City Bank* v. *Lumley*, 28 How. Prac. (N. Y.) 397, said:

"The effect of entitling an affidavit to hold to bail, though said to be a nullity, has never been so declared in any case involving the question which I have been able to find after diligent search."

And the following statement with reference to the same matter may be found in 1 Tidd's Practice 180:

"There being no action depending in court at the time when the affidavit is made, it ought not regularly to be entitled in a cause, and in one case the King's Bench discharged the defendant out of custody on common bail, on account of its being so entitled. But in a subsequent case they thought, as the practice had obtained so long of adding a title to affidavits of this kind, it would be too much to determine that such practice had been erroneous, particularly as this had been a mere question of form, and did not interfere with the justice of the case. A rule of court, however, has since been made in the King's Bench that 'affidavits of any cause of action before process sued out

to hold defendants to bail, be not entitled in any cause, nor read if filed.'"

We have no express rule on the subject in this State. And affidavits entitled in the cause, and sworn to before the action was begun, have been held good by several courts. *City Bank* v. *Lumley, supra; Crombie* v. *Little,* 47 Minn. 581 (50 N. W. 823) ; *Becker* v. *Linton,* 80 Neb. 655 (114 N. W. 928, 127 Am. St. Rep. 795). In *People* v. *Fox,* 25 Mich. 492, it was said:

At common law "perjury is committed 'when a lawful oath is ministered by any that hath authority, to any person in any judicial proceeding, who sweareth absolutely and falsely in any matter material to the issue or cause in question.' 3 Inst. 164; 4 Bl. Com. 137. There must be an oath authorized by law, an issue or cause to which facts were material, and a false statement regarding such facts upon such issue, or in such cause."

Our statute, however, gives a much broader definition to perjury, and provides that:

"If any person authorized by any statute of this State to take an oath, or if any person of whom an oath shall be required by law, shall wilfully swear falsely, in regard to any matter or thing, respecting which such oath is authorized or required, such person shall be deemed guilty of perjury." 3 Comp. Laws, § 11306 (3 Comp. Laws 1915, § 14973, 5 How. Stat. [2d Ed.] § 14719).

We think this statutory definition of perjury broad enough to include the affidavit in question if wilfully false. The affidavit itself was authorized by statute, and was sworn to on the same day with the bill of complaint by which the suit was to be begun. It was made to be used in the suit, and was so used. And we do not think that it was made void by being entitled in the contemplated cause, and sworn to before the bill had been filed.

From what has been said it is to be presumed that the learned circuit judge will proceed in the suit for divorce and render a final decree therein, and that the issuance of the writ will not be required.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.