Per Curiam:
Fetters appeals from an order of the Superior Court of Detroit confirming a sale made on foreclosure. . Perrien filed his bill September 19, 1873, to foreclose a mortgage made to him by Fetters and wife in 1871. After various proceedings a decree was made in his favor November 17, 1875, requiring payment on or before February 1, 1876, and in case of default authorizing a sale of the mortgaged premises, the same being in Wayne county. The decree was in usual form and required publication of the notice of sale for six weeks successively next preceding the sale. On the 19th of January, 1876, and several days before the time fixed for payment of the mortgage debt, the commissioner to whom the execution of the decree had *222 been confided published a notice in the Detroit Free Press for the sale to take place on the 9th of the ensuing March. At the time specified the premises were sold to complainant. On the next day the commissioner made report of the sale, and on the 11th of March an order nisi, to make the report absolute in eight days, was entered. The commissioner stated in his report that previous to the sale he caused public notice thereof to be publicly advertised for seven weeks successively by causing a notice of such sale to be printed once in each *week during the seven weeks immediately preceding said sale, in the Detroit Free Press, a public newspaper printed in said county of Wayne, and by posting up, in three public places in the city of Detroit, like notices, on the 19th of January, A. D. 1816. The report, however, embraced the affidavit of publication, which was the proof on which he acted and the basis thereof. On the 18th of March, and before the time arrived for making absolute the order nisi, Fetters excepted to the report and opposed the confirmation of sale on several grounds, and among them for the reason that it was not shown and did not appear that publication had been made for six weeks successively next prior to the sale. The court overruled the exceptions and confirmed the report. The affidavit of publication was as follows:
“State of Michigan, county of Wayne, — ss. Marshal D. Robinson, of the city of Detroit, in said state and county, being duly sworn, deposes and says that the annexed notice has been published in the Detroit Free Press, a daily newspaper published and circulated in said city, county and state, once in each week for seven successive times, and that the first publication thereof was on the 19th day of January, A. D. 1816; that he is a person in the employ of the printers of said newspaper, and that he knows well the facts stated therein.” Signed and sworn to. This affidavit must be considered as proof of the facts stated in it. And admitting this, it seems plain that it does not prove due publication. It shows a publication commenced in a daily newspaper on the 19th of January for the 9th of March, and made once in each week for seven successive times. If the notice was dropped after the *223 first three weeks, it would not be inconsistent with the affidavit. There is nothing definite at all in the term “times” as here used. It may mean seven successive issues of the paper, or seven successive days, or something different from either. The most probable inference would be, perhaps, that days were intended, since the paper was a daily, and we are not informed that moré than one issue is emitted daily. The evidence from *the affidavit would then be, that for more than one week there were seven successive publications. It would be difficult to infer even this. Counsel seem to feel the force of the objection to this proof and hence it is said that the statement in the report avoids it. But this will hardly do. The report rests upon the proof and cannot supply it. Were it otherwise it would be possible to supersede the necessity of proof altogether. The commissioner would only have to state enough in Ms report to validate it. The law, however, contemplates a showing by affidavit, and not by the officer’s report. — § 5927, G. L. And it provides that the affiant shall be the printer, foreman, or clerk, which was not the case here. Due notice of sale is indispensable, and in foreclosure cases it is a step in the nature of execution, and strict proof should always be made and put on record. It should certainly be clear and unambiguous on its face and not open to doubt. The court is satisfied that the evidence in the present case was so defective that it was improper to base action on it, and the sale should not have been confirmed. Some of the judges ■strongly disapprove of the practice of beginning publication before default in payment, but there is no occasion at this time to discuss the question. Neither is it needful to consider the other objections. A portion certainly are untenable.
The order confirming the report of sale, and the sale, must be set aside, with costs of this court, and the case remanded for other and further proceedings.
Marston, J., concurred in the conclusion.