## THE NEW YORK BAPTIST UNION FOR MINISTERIAL EDUCATION v. FREEMAN J. ATWELL.

| 95 | 239 |
| 98 | 53 |
| 95 | 239 |
| 105 | 656 |
| 95 | 239 |
| 116 | 690 |
| 95 | 239 |
| j138 | ³348 |
| j138 | ³349 |

*Writ and process—Service by publication—Sufficiency of affidavit —Mortgage foreclosure—Notices of sale.*

1. An affidavit of non-residence, made five days before the making of an order for the appearance of an absent defendant, will not authorize the making of the order.
2. The statutory notices of a foreclosure sale are indispensable to its validity.
3. The statement in the report of the commissioner that such notices were given is not evidence of that fact, nor can it be shown by parol testimony; citing *Perrien v. Fetters,* 35 Mich. 233; *Montgomery v. Merrill,* 36 Id. 97.

Error to Cass. (O'Hara, J.) Argued February 10, 1893. Decided April 7, 1893.

Ejectment. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Coy W. Hendryx* and *Howell & Carr,* for appellant.

*Harsen D. Smith* and *F. J. Atwell,* for defendant.

McGRATH, J.   This is ejectment.   Plaintiff claimed title
by virtue of a decree and sale under certain proceedings to
foreclose a mortgage · which · had been given to it.   The
court below directed a verdict for defendant.

The judgment must be affirmed for two reasons:

*First.*   Defendants in the foreclosure proceedings were
attempted to be brought in by publication, on the ground
of non-residence.   The affidavit was made on the 15th of
the month, and was not filed until the 20th, and an order
of publication was made on the latter date.   An order of
publication must be based upon facts existing at the time
the order is made.   The rule that as matter of evidence a
fact in its nature continuous, being once shown to exist,
will often be presumed to continue, unless the contrary be
shown, does not apply to the averment of a jurisdictional
fact, which must appear as existing at the time the order
is made.   *Bryan v. Smith,* 10 Mich. 229; *McHugh v. Butler,*
39 Id. 185; *Armstrong v. Middlestadt,* 22 Neb. 711 (30 N.
W. Rep. 151).

*Second.*  How. Stat. §§ 6109, 6747, at that time, prior to
the amendment of 1885,[1] required notices of sale to be
posted in three public places in the township where the
sale was to be made, and, if made in a township other
than that in which the premises were situated, then such
notice should also be posted in three public places in the
township in which the premises were situated.   The com-
missioner's report of sale recites that he caused notices of
such sale to be advertised for six successive weeks, by caus-
ing printed notices thereof to be fastened up in three public
places in the township of La Grange, where the sale was

[1]Act No. 124, Laws of 1885, which provides that notices of sale
need only be posted in the city, village, or township where the
real estate shall be sold.

made, and also in three public places in the village of Dowagiac, where said premises are situated, "affidavits showing the fastening up of which notices are hereto annexed, marked 'Exhibit A.'" One of the affidavits annexed was that of the publisher, showing the newspaper publication, and the other affidavit set forth that the affiant posted notices "in three public places in the township of La Grange, where said sale occurred," but contained no averment that notices were posted in the township where the property was situated. The statutory notices of sale are indispensable, and strict proof thereof must appear of record. The statement by the officer in his report of sale will not avoid a defect in the affidavit upon which the report rests as proof. *Perrien v. Fetters,* 35 Mich. 233. Parol evidence is inadmissible to supply a jurisdictional defect. *Montgomery v. Merrill,* 36 Mich. 97.

It is unnecessary to notice the other questions raised by the record.

The judgment is affirmed.

The other Justices concurred.