GRAND RAPIDS NATIONAL BANK *v.* KRITZER.

1. SUMMARY PROCEEDINGS—JURISDICTION OF JUSTICE.
   The fact that there is no circuit court commissioner residing in the township in which summary proceedings to recover the possession of land are instituted before a justice under 2 How. Stat. § 8296, conferring jurisdiction upon a justice under such circumstances, need not be set up in the complaint.

2. EXECUTION SALE—RETURN OF SHERIFF — POSTING OF NOTICES.
   A sheriff's deed on execution sale is not invalid because his return fails to show that notices of sale were duly posted.

3. SAME—VALIDITY—SUMMARY PROCEEDINGS.
   The validity of a sale of land on execution is properly triable in summary proceedings by the purchaser to recover the possession of the premises sold.

Error to Newaygo; Edwards, J. Submitted April 6, 1898. Decided May 6, 1898.

Summary proceedings before a justice of the peace by the Grand Rapids National Bank against Magdalena Kritzer and others to recover the possession of land. Complainant prevailed before the justice, and defendants appealed to the circuit court. From a judgment there for defendants on verdict directed by the court, complainant brings error. Reversed.

*L. G. Rutherford* and *Joseph Renihan*, for appellant.

*George Luton* and *A. G. Day*, for appellees.

MONTGOMERY, J.   The complainant instituted before a justice of the peace summary proceedings to recover possession of land claimed by the complainant under a sheriff's deed made on sale of the same on execution in a suit by complainant against the Kritzer Milling Company. Complainant recovered judgment before the justice, and defendants appealed to the circuit. At the trial the circuit judge directed a verdict for the defendants on the ground that the title to land came in question, and complainant brings error. Three questions are argued in this court. It is insisted by the defense—

(1) That the justice acquired no jurisdiction, for the reason that the complaint failed to allege that there was no commissioner residing in the township in which suit was instituted.

(2) That the sheriff's deed is invalid for the reason that no evidence appears in the clerk's office that notice of sale was duly posted.

(3) That, in any event, the title to land came in question, and the court had no power to try the issue.

1. The statute (2 How. Stat. § 8296) does not require the complaint to set up the fact that no commissioner resides in the township. If the *fact* be so, the justice is given jurisdiction. The question is analogous to that arising on a short summons, which is authorized only in case of nonresidence of one of the parties. In such case it is held that the summons need not recite the fact, and that if the defendant contends that the summons is not

116 MICH.—44.

proper, because of the fact that both parties are resident, he should make the fact appear. *Allen* v. *Mills*, 26 Mich. 123; *Stoll* v. *Padley*, 98 Mich. 14.

2. The counsel for defendants rely upon *Perrien* v. *Fetters*, 35 Mich. 233, and *New York Baptist Union* v. *Atwell*, 95 Mich. 240, to sustain the contention that the proof of publication of notice of sale should be made a matter of record. The sales under consideration in these cases were chancery sales, which are required to be confirmed by the court; and the question involved in *Perrien* v. *Fetters* was what should be made to appear to the court to justify a confirmation. I confess to grave doubts as to whether the sufficiency of the officer's return can be questioned collaterally after confirmation, as seems to be implied in *New York Baptist Union* v. *Atwell;* but, however that may be, it is settled that under our statute it is not the sheriff's return of an execution sale that settles the question of the purchaser's title, but the sheriff's certificate and deed. *Spafford* v. *Beach*, 2 Doug. (Mich.) 150; *Cook* v. *Knowles*, 38 Mich. 322. The statute governing sales of land on execution provides:

"The omission of any officer to give the notice of sale required in this chapter, or the taking down or defacing of any such notice when put up, shall not affect the validity of any sale made to a purchaser in good faith, without notice of such omission, taking down, or defacing." 2 How. Stat. § 6114.

By section 6112, provision is made for recovery, by any person injured by the default of the officer in posting notice, of any damages sustained, together with a penalty of $500. There is no provision in chapter 232, 2 How. Stat., which governs in sales of real estate on execution, requiring a return of the officer to the court of proof of publishing or posting notices. In this case the only evidence of any dereliction of the sheriff is the absence of a record, which no law requires. The presumption from the certificate and deed cannot be thus overcome. *Wood* v. *Morehouse*, 45 N. Y. 368; and see the case of *President*,

*etc., of Natchez* v. *Minor,* 10 Smedes & M. 246, where the distinction between such a statute as ours and that of Massachusetts, which requires a record of proof of service, is noted.

3. Did the title to land come in question, so as to oust the court of jurisdiction? The statute expressly gives the remedy sought in this case against one holding over after a sale of real estate on execution after the time limited by law. In this case it appears that the defendants deeded these lands to the Kritzer Milling Company, and continued thereafter to occupy them, and that there was no contract between the grantee and themselves relating to the occupancy. This transaction constituted them, at most, tenants by sufferance, and thus established privity between the parties. *Stevens* v. *Hulin,* 53 Mich. 93. No other title whatever was shown, or attempted to be shown, in defendants. It is true, one of the defendants testified that another defendant claimed title. It does not cost much effort to do this, and it certainly amounts to no more than a plea of title, which in *Butler* v. *Bertrand,* 97 Mich. 59, was held not to oust the court of jurisdiction. The only attempt to try title was that made to impeach the proceedings by which complainant acquired title under the sheriff's deed. The question of the validity of this title was properly triable in this proceeding. As was pertinently said by my Brother HOOKER in *Gage* v. *Sanborn,* 106 Mich., at page 279, "If these questions cannot be tried by the commissioner, the statute is farcical, as jurisdiction would always be lost as soon as a plausible claim of invalidity of the sale was made."

The judgment is reversed, and a new trial ordered.

The other Justices concurred.