MALLAR *v.* MALLARIAN.

MORTGAGES—FORECLOSURE—DEFICIENCY DECREE—REDEMPTION—
SUIT TO SET ASIDE SALE.

> Where a mortgagee bid in the property at foreclosure sale at
> less than one-half its value, and sought to recover the de-
> ficiency by garnishment proceedings, but was unsuccessful,
> and the mortgagor then redeemed and immediately sold the
> property, the mortgagee could not assert, on suit to set aside
> the foreclosure sale, that it was invalid for irregularities, he
> having chosen his remedy, and not being in a position to say
> that he was ignorant of the law in not knowing that defend-
> ant had a right to redeem. HOOKER, J., dissenting.

Appeal from Wayne; Rohnert, J.   Submitted October
7, 1904.   (Docket No. 33.)   Decided December 7, 1904.

Petition by John H. Mallar against Dickran H. Mal-
larian and Krekore Mallarian to set aside a certain mort-
gage foreclosure sale.   From a decree dismissing the peti-
tion, complainant appeals.   Affirmed.

*Robert T. Speed,* for complainant.
*Anderson & Rackham,* for defendants.

GRANT, J.   Complainant foreclosed a mortgage execu-
ted by defendant to him.   Decree was duly entered, and
also a personal decree for any deficiency that might result
upon the sale.   The sale was made, the land bid in by
the complainant for $300 (although he testified that he bid
only $200), and, at the instance of the complainant, the
sale confirmed.   A few days after, he brought suits upon
the decree for deficiency against defendant, and issued
writs of garnishment.   The return of the garnishee show-
ed an indebtedness of only $9.47.   Defendant, within the
time allowed by law, redeemed the sale.   Complainant
refused to receive the redemption money, and filed a peti-

tion to set aside the sale for two reasons: (1) Because no notice of sale was posted as required by law; (2) because the sale was not made by any one authorized by the decree.

We deem it unnecessary to determine whether either of the objections is valid. The entire proceedings were conducted under the direction of the complainant and his solicitor, who was not Mr. Speed, the solicitor of record in this court. Complainant testified that the land was worth $700. According to the return of the officer, the land was sold to the complainant for $300. According to the complainant's testimony upon the hearing of this petition, he bid only $200. The defendant treated the sale as valid, and redeemed therefrom, as the law authorized him to do, and immediately sold and deeded the land to his brother. Complainant, in my judgment, cannot now be permitted to assert the invalidity of his sale from which he has received all that the law gives him. Had he bid off the land at something near its fair value, and the defendant had redeemed, complainant would have been satisfied.

It is urged that it is unfair in the defendant being allowed to redeem from this sale and immediately sell the land, thereby preventing the decree for the deficiency to be realized therefrom by execution. Complainant deliberately sought to obtain more by his conduct than he was entitled to, for he bid in the property at less than one-half its value, and intended, from his testimony, to bid it in for less than one-third its value, and to recover the residue from the defendant on the personal decree. The conduct of one is no more commendable in morals than is the conduct of the other. If the defendant is solvent, the complainant can realize from his sale what he intended to. If he is not now and never shall become solvent, complainant must lose it. In either event he has deliberately chosen his remedy, and will not now be heard to say that he was ignorant of the law in not knowing that the defendant had the right to redeem.

I think the decree should be affirmed, with costs.

MOORE, C. J., and CARPENTER and MONTGOMERY, JJ., concurred with GRANT, J.

HOOKER, J. (*dissenting*). The complainant filed a bill to foreclose a mortgage, and obtained a decree requiring defendant to pay $901, failing in which the premises were to be sold at foreclosure sale by or under direction of the sheriff. On November 15, 1902, the premises were sold under the decree for $300, by one Van Dyke, and the complainant was present and became the purchaser, acting under instructions from his counsel. The report of sale was filed by the sheriff, and shows that he sold the premises for $300 to the complainant, and that there was a deficiency of $671.72, and on December 15, 1902, a decree for the deficiency was made. On December 20, 1902, complainant sued the defendant in justice's court in Detroit to recover the amount due on the decree for the deficiency, and a writ of garnishment was served on the Calvert Lithographing Company. The principal action was dismissed on the return day, and a new action was begun in the circuit court upon the same day. The Calvert Company was again garnished, and on January 13, 1903, filed its disclosure. We are not informed what the disclosure showed, or what has become of the proceedings instituted in the circuit court. Meantime, and soon after the action was commenced in the justice's court, the defendant redeemed the property for $302.20, and on the same day conveyed the premises to his brother for $303.25. The complainant refused to receive the redemption money, and afterwards filed a petition alleging the foregoing facts, and that the proceedings to sell the land were irregular, and the sale void, and praying that the same be set aside, together with the decree for the deficiency, and for other relief. The prayer of the petition was denied upon the hearing, and complainant has appealed.

Complainant's proposition appears to be that the sale was absolutely void, and therefore he has a right to have it set aside, regardless of his own participation in it. The

grounds upon which it was claimed that the sale was void
are:

1. Because no notice of sale was posted.
2. Because the sale was made by one not authorized by
the decree.
3. Because the publication was commenced before the
decree was entered.
4. Because the proceedings were not enrolled previous
to the time that the sale was made.

Of these the last two are abandoned by counsel, as shown
by his brief. Was there proof of notice of the sale? The
report of the sheriff contains the statement that:

"Previous to said sale I caused notice thereof to be
publicly advertised for six successive weeks, as follows,
viz.: By causing printed notices thereof to be fastened
up at least six weeks prior to the day said premises were
advertised to be sold, in three public places in the city of
Detroit, county of Wayne and State of Michigan, where
said premises were to be sold, an affidavit showing the
fastening up of which notices is hereto annexed, marked
'Exhibit A,' and made a part of this, my report; and by
causing a notice of such sale to be printed once in each
week during the time preceding said sale in the Detroit
Legal News, a public newspaper printed in said county of
Wayne, as appears by affidavit following this report,
marked 'Exhibit B,' which notice contained a description
of the mortgaged premises."

The affidavits referred to were not attached, and the
statement quoted is the only evidence contained in the
record of a publication or posting of notice of the sale.
This was insufficient to justify confirmation, as has been
held in the cases of *Perrien* v. *Fetters*, 35 Mich. 235, and
*New York Baptist Union* v. *Atwell*, 95 Mich. 239.

In the case of *Grand Rapids National Bank* v. *Krit-
zer*, 116 Mich. 688, doubt was expressed of the right to
question collaterally the return of an officer after confirma-
tion. If it cannot be so questioned, it must follow that
the absence of the affidavits is an irregularity, which does
not render the sale absolutely void. See *Averill* v. *Jack-
son City Bank*, 114 Mich. 20. In the case of *New York*

*Baptist Union* v. *Atwell,* 95 Mich. 239, a title resting upon a deed was not sustained, in an ejectment case, for want of proper notice. In that case, however, the affidavits were attached, and failed to show a posting in the township as required by the statute. It is also true that the case may be said to have gone off on another and jurisdictional question. It is a general rule that confirmation of a sale is an adjudication of the regularity of the proceedings. See 12 Am. & Eng. Enc. Law (1st Ed.), p. 219; 17 Am. & Eng. Enc. Law (2d Ed.), p. 993, and cases cited.

Again, sales may be confirmed by the acts of the parties. The defendant, who, of all the parties, would seem to have the better right to complain, has acquiesced in this sale, and paid the money to redeem from it, thereby waiving any question of regularity of the sale. This case is novel in one particular; i. e., that it is the complainant and purchaser who seeks to set aside the sale, while the defendant asks to have it sustained.

It is claimed that the former should be estopped from questioning the proceedings, but, if an estoppel in pais may have such an effect in any case, some of the elements are lacking here. The defendant has not paid his debt. He has so managed as to pay $300, and get his property back by a redemption, and then by immediately deeding to his brother for a nominal consideration beyond the amount required to redeem has placed the property beyond reach. The brother can be protected by the return of his consideration, and we do not attach much importance to the fact that the complainant bid less than the property was worth. He is a foreigner by birth, and apparently supposed that he was obtaining a complete title, not subject to redemption, and it was but natural that he should try to buy at a low price.

The propriety of denying this relief by way of punishment is doubtful, especially as the defendant as well as the complainant would be benefited by a sale at an advanced price. It seems manifest that in punishing the

complainant by denying this relief we are assisting the defendant to escape a just liability by placing the property beyond the reach of an execution for the deficiency. There is and should be a large discretion in the circuit judge upon such questions as this, with which we would not lightly interfere, but the denial of relief in this instance clearly works injustice, and we may properly review and correct the decision.

It is said that we should refuse this relief for the reason that the complainant has not offered to bid a larger sum upon another sale, but, while this may reasonably be required where the defendant seeks to obtain a resale, no such earnest of good faith is required here.

The order should be reversed, and the prayer of the petition granted, but without costs of this proceeding. It should also be conditioned on his payment of the expenses of a resale.