FORD MOTOR CO. v. FARRINGTON et al.

(Circuit Court of Appeals, Ninth Circuit. October 1, 1917.)

No. 2963.

1. APPEAL AND ERROR ⊚═873(1)—WRIT OF ERROR—SCOPE OF REVIEW.

Where a writ of error is directed only to the judgment, an order, made after judgment, denying a new trial or application for modification of the judgment, is not reviewable.

2. APPEAL AND ERROR ⊚═977(1)—REVIEW—DISCRETION OF TRIAL COURT—NEW TRIAL.

An application to set aside a verdict and grant a new trial, being addressed to the discretion of the trial court, cannot ordinarily be reviewed on writ of error.

3. REPLEVIN ⊚═11(1)—ACTIONS—DEMAND.

Where, under a contract giving defendants the agency for motor cars, they were required to pay 85 per cent. of the price thereof, though plaintiff was given the right, on refunding the same, to retake the cars, plaintiff is not entitled to replevin the cars without previous demand and a tender to defendants of the amount paid, and the fact that the tender would probably have been refused is no excuse for failure to make it.

4. REPLEVIN ⊚═10½—ACTIONS—TENDER.

Where plaintiff was entitled to retake motor cars on returning defendants' payments, plaintiff's failure to tender the same cannot be excused because its agents believed defendants would refuse payment; tender not being excused, unless defendants' conduct was such as to induce a reasonable belief that it would be refused.

5. APPEAL AND ERROR ⊚═216(2)—PRESERVATION OF GROUNDS OF REVIEW—INSTRUCTIONS—REQUEST.

Where defendants counterclaimed, plaintiff cannot complain, on error, that more specific instructions should have been given touching the measure of defendants' damages and the maximum of the recovery; plaintiff having requested no instruction properly presenting those matters.

6. REPLEVIN ⊚═82—ACTIONS—NOMINAL DAMAGES.

Where plaintiff wrongfully deprived defendants of possession of motor cars, defendants are entitled to nominal damages at least.

7. APPEAL AND ERROR ⊚═171(1)—REVIEW—QUESTIONS PRESENTED.

Where an action was tried and submitted on the theory that the contract between plaintiff and defendants was legal, the question whether it was valid under the anti-trust laws will not be reviewed.

In Error to the District Court of the United States for the District of Oregon; R. S. Bean, Judge.

Action by the Ford Motor Company against E. A. Farrington and L. A. Houck, copartners doing business as the Pacific Transfer Company, and others, who counterclaimed. There was a judgment for defendants, and plaintiff brings error. Affirmed.

Platt & Platt and McDougal & McDougal, all of Portland, Or. (Alfred Lucking and L. B. Robertson, both of Detroit, Mich., and Harrison G. Platt, of Portland, Or., of counsel), for plaintiff in error.

Charles A. Hardy, of Eugene, Or., John F. Logan, of Portland, Or., and Isham M. Smith, of Wallace, Idaho, for defendants in error.

Before GILBERT and HUNT, Circuit Judges, and DIETRICH, District Judge.

⊚═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DIETRICH, District Judge. This is an action in replevin, brought by the plaintiff and appellant to recover 37 Ford automobiles from the defendants Winchell and Hathaway; doing business as the Ford Auto Company, at Eugene, Or. The automobiles having been seized by the marshal under a provisional writ, the defendants answered, praying that they have judgment for the value thereof, and also for $25,000 damages, which they claimed to have suffered as a consequence of the seizure. Upon a trial with a jury there was a verdict in favor of the defendants for $16,077.50, the admitted value of the cars, and $6,000 as damages; and judgment was entered accordingly. Plaintiff's application for a new trial and for a modification of the judgment having been denied, it sued out this writ of error.

The plaintiff is the manufacturer of the Ford automobile, and consigned the cars in question, together with many others, to the defendants, for sale under its general "agency contract." By its terms the contract would expire upon July 31, 1916, but it contained a provision authorizing either party, with or without cause, to cancel it at any time, upon written notice by registered mail, and accordingly, on May 25, 1916, the plaintiff gave such notice. Under the contract the plaintiff retained title to the consigned cars until they were sold to users, but the defendants were required to pay on account thereof at the time of the consignment 85 per cent. of their retail price, and were also required to pay the freight. In case of a cancellation of the contract, the plaintiff had the right to retake the unsold cars, at the same time repaying to the consignees the full amount of their advancements. When the notice of cancellation was given, the defendants had on hand 37 of the cars so consigned, on account of which they had advanced the aggregate sum of $16,077.50, including freight charges. A day or two following the notice one of the plaintiff's representatives visited the defendants at their place of business, and after discussing with them matters relating to the closing up of the contract and turning over the cars, he went to Portland to advise with his superior. Upon his return to Eugene, two days later, he again took the matter up with them, but with great arrogance he declined to confer with or in the presence of their attorney, or to give them any time at all to consider the proposition he had made. A few days later, on June 3d, the suit was commenced, without first making any formal demand for the cars, or tendering the $16,077.50 which the defendants were entitled to receive.

[1, 2] There are 12 assignments of error, 5 of which are on account of instructions given, and 5 on account of instructions refused. One of the other two, the seventh, relates merely to a preliminary explanation by the trial judge of the theory upon which he would instruct the jury, and may therefore be disregarded; and the twelfth concerns an order, made after entry of judgment, denying the plaintiff's application for a modification of the judgment. But this, too, may be summarily disposed of, with the suggestion that the writ of error is directed only to the judgment, and an order, made after judgment, denying a new trial or an application for a modification of the judgment, is not reviewable under the writ. Besides, it is plain that the modification asked for could not be granted without ignoring the verdict, and an ap-

plication to set aside a verdict and grant a new trial is addressed to the discretion of the trial court, whose action relative thereto is not ordinarily reviewable.

[3] From the transcript of the proceedings incorporated in the record it is to be inferred that in fact no exceptions at all were taken to the instructions given; but, assuming that the vague exceptions set forth in the bill were actually taken and that they are sufficient in form, we do not think they are well founded. By the instructions thus called into question the court in substance advised the jury that under the evidence the cars were wrongfully taken from the defendants, because there was no previous demand, and more especially because there was no payment or tender of the $16,077.50. There is no pretense that tender was in fact made; nor do we think it was waived. The most that can be said is that it probably would have been declined; but such a possibility or probability did not relieve plaintiff from its obligation to make an actual tender. Its agent seemed to think it a matter of little importance that plaintiff held possession of over $16,000 of the defendants' money, and neither offered to pay it back nor gave them time enough definitely to decide whether they would or would not accept it upon the conditions tentatively suggested.

[4] One of the requested instructions, which the court refused, raises a kindred question. It was to the effect that tender was unnecessary "if the defendants informed plaintiff, or led plaintiff to believe, they would not accept payment." But, even if the evidence were such as to make such an instruction pertinent, still it does not correctly state the law. What the plaintiff's' agents may, in their reckless disregard of defendants' rights, have believed, is not necessarily what they had reason to believe; and the defendants could be bound only by conduct of such character as to induce the reasonable belief that they would not accept.

[5, 6] Clearly it would have been error to give any one of the other requested instructions. By the eleventh the court was in effect asked to advise the jury that, unless the defendants proved that they had been damaged to the full amount of $25,000, as alleged, and that the automobiles were of the full value alleged, they must fail entirely. It may be that more specific instructions should have been given touching the measure of the defendants' damages and the maximum limit of their recovery; but the plaintiff neglected to suggest to the trial court a proper instruction upon the point, and, if the verdict is excessive, they have not brought to us such a record as enables us to afford relief. There is a request that the jury be instructed to find for the plaintiff upon the question of damages; but manifestly, if the defendants were wrongfully deprived of the possession of the cars, they are entitled to at least nominal damages. Indeed, the cause was tried and submitted to the jury upon the theory that they were entitled to damages, provided the taking was found to be wrongful, and without objection or exception from plaintiff. The requests were properly denied.

[7] The major part of appellant's brief is devoted to the question whether or not its "agency contract" is obnoxious to the anti-trust laws, and therefore void; but, in view of the fact that the cause was tried

and submitted upon the theory that the contract was valid, and that the rights of the parties were defined and were to be measured thereby, the inquiry is thought to be immaterial.

The judgment is affirmed, with costs to defendants in error.