UNION GUARDIAN TRUST CO. v. GREVNIN.

1. PROCESS—JURISDICTION.
   Proper service is necessary for court to acquire jurisdiction over parties.

2. SAME—PERSONAL SERVICE—PUBLICATION.
   Personal service is always desirable, and publication may be had only when conditions are such that it becomes permissible under statute.

As to order of publication, see annotation in 47 L. R. A. (N. S.) 499, 500.

3. Same—Order of Publication.
  Order of publication must be based on facts existing at time it is made.

4. Same—Affidavit for Order of Publication—Delay Fatal.
  Where affidavit for order of publication showing inability to serve was not executed until 21 days after return date of summons, and there was no showing that any effort had been made to serve defendants after said return date, delay was fatal.

5. Vendor and Purchaser—Foreclosure—Process—Default.
  Where, in suit to foreclose land contract there was no proper service, because of delay ensuing between return day of summons and date of affidavit of publication, defendants' motion to set aside their default for failure to appear in accordance with order of publication should have been granted.

Appeal from Wayne; Moll (Lester S.), J. Submitted October 4, 1932. (Calendar No. 36,661.) Decided January 3, 1933.

Suit by Union Guardian Trust Company, a Michigan corporation, and others against Harry Grevnin and others. On motion to set aside default judgments and to quash service. Order for plaintiffs. Defendant Harry Grevnin appeals. Reversed.

*Bulkley, Ledyard, Dickinson & Wright (Glenn D. Curtis, of counsel), for plaintiffs.*

*Wm. Henry Gallagher, for defendants.*

Butzel, J. In a suit instituted on August 8, 1931, by Union Guardian Trust Company, Bessie M. West and Louis H. Case, as plaintiffs, against Harry Grevnin, Rubin Grevnin, and National Smelting & Refining Company, to foreclose a land contract, the original summons was returned unserved. On September 9, 1931, an alias summons was issued, but also was not served. Prior to its return date,

however, an affidavit of one of the attorneys for plaintiff was filed showing that, when the original summons was issued, a clerk or deputy in the sheriff's office stated that service would probably be unobtainable inasmuch as there had been a constant inability to serve defendants in other suits by reason of their evasion; that thereupon, the bill of complaint and alias summons were delivered to a constable for service, but, 10 days later, he returned it stating that he had searched for defendants diligently but without success; that thereafter a process server, and subsequently still another, were delegated to serve defendants, but they could not locate them on week days. Thereupon the court entered an order permitting service on Sunday, and another process server made a futile effort to serve defendants. The return date of the alias summons was November 9, 1931, but the affidavit showing inability to serve was not executed until November 30, 1931. On December 1, 1931, on the filing of the affidavit, an order of publication was signed by the circuit judge. In its caption, the Union Guardian Trust Company appears to be the sole plaintiff, but all of the defendants are named. Service of the order of publication was also attempted by registered mail, and copy thereof was received by defendant corporation, but copies mailed under separate covers to the two individual defendants at their last known places of residence were returned undelivered. Those sent to their business offices were acknowledged by a party representing himself as their agent. Subsequent to the order of publication, a pluries summons was served on defendant Rubin Grevnin. Its regularity cannot be attacked because of the lapse of time between its issuance and the return day of the alias summons.

*Gunn* v. *Gunn,* 205 Mich. 198. Service on defendant corporation is not questioned. The default of the two individual defendants was entered on their failure to appear in accordance with the order of publication. They did appear specially and moved to set aside the default and quash the return of service and order of publication because of the delay that ensued between the return day of the summons and the date of the affidavit of publication; also because the affidavit of nonservice and order of publication failed to name two individual coplaintiffs. The trial judge denied the motion and they appeal.

We need only discuss the first objection, for the delay was fatal. Proper service is necessary for the court to acquire jurisdiction over the parties. Personal service is always desirable, and publication may be had only when conditions are such that it becomes permissible under the statute (3 Comp. Laws 1929, § 14109). There is no showing whatsoever of the cause of the delay, nor was it a very brief one, as in *Adams* v. *Wayne Circuit Judge,* 98 Mich. 51. There is no presumption that the inability to serve defendants continued for the 21 days that elapsed between the return day of the summons and the date of the affidavit for the order of publication. The affidavit, dated November 30, 1931, did not show that any effort had been made to serve defendants after November 9, 1931. Absence from customary places may be a temporary condition, and does not justify the inference that it continued for 21 days later when the affidavit was made not as to the condition at that time, but as to that existing some three weeks previous thereto. In *New York Baptist Union* v. *Atwell,* 95 Mich. 239, a delay of five days between the making of the

affidavit and order of appearance was held fatal. Also, see, *Adams* v. *Wayne Circuit Judge, supra.* An order of publication must be based upon facts existing at the time it is made. *Cohn* v. *Kember,* 47 Cal. 144; *Rockman* v. *Ackerman,* 109 Wis. 639 (85 N. W. 491); *Campbell* v. *McCahan,* 41 Ill. 45.

The motion to set aside the order of publication and such defaults as are based solely thereon should have been granted. Unless this is done, mandamus will issue. Appellants will recover costs.

CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred with BUTZEL, J.

MCDONALD, C. J., and WIEST, J., concurred in the result.