### TSINGOS v. MICHIGAN PACKING CO.

1. STIPULATIONS—GARNISHMENT—RELEASE OF IMPOUNDED FUND.
   Stipulation between plaintiff and principal defendants to release portion of funds impounded by writs of garnishment *held,* a proper basis upon which court may enter order releasing a portion, the statutory method of release not being all-embracing (3 Comp. Laws 1929, § 14900).

2. PROCESS—ABUSE OF PROCESS.
   Abuse of process is not limited to issuance thereof but extends to oppressive use after issuance.

3. SAME—SUPERVISORY POWER OF COURTS.
   Every court has supervisory control over use of its process and power to prevent abuse thereof by oppressive use,

4. GARNISHMENT—ABUSE OF PROCESS—STIPULATIONS.

   Order quashing second series of writs of garnishment, impounding $10,000 additional funds, as an abuse of process by plaintiff whose demand was $3,621.50 and who had previously stipulated with principal defendants to, and thereupon court had ordered, release of all but $3,000 *held*, not error, where plaintiff refused offer to impound $1,500 in addition (3 Comp. Laws 1929, § 14857).

5. MOTIONS AND ORDERS—GARNISHMENT—RES JUDICATA.

   Order denying principal defendant's motion to quash first series of writs of garnishment but releasing a portion of the sums impounded *held*, not *res judicata* of motion and order to quash second series of writs, as an abuse of process, impounding additional amounts greatly in excess of plaintiff's demand.

Appeal from Wayne; Webster (Arthur), J. Submitted April 5, 1935. (Docket No. 85, Calendar No. 38,258.) Decided May 17, 1935. Rehearing denied June 19, 1935.

Garnishment proceedings by John Tsingos against Michigan Packing Company, Inc., a Michigan corporation, and others, principal defendants, and Detroit Savings Bank and another, garnishee defendants. From order quashing certain writs of garnishment, plaintiff appeals. Affirmed.

*J. H. M. Alexander,* for plaintiff.

*Herman A. Schmier* (*Sidney J. Karbel,* of counsel), for principal defendants.

WIEST, J. Upon an asserted demand of $3,621.50 plaintiff brought this suit in assumpsit and, by writs of garnishment, impounded funds of the principal defendants in banks. By stipulation and order of the court, based thereon, the funds were released except to the amount of $3,000 in one of the banks.

Defendants' motion to dismiss those writs was denied in the circuit court and review refused by this court.

Later plaintiff sued out other writs of garnishment, and impounded an additional $10,000. Defendants moved to quash the second series of writs as an abuse of process, averring their financial responsibility and that such fact was known to the affiant who made the showing for the writs. Upon the hearing of the motion the circuit.judge suggested that plaintiff be satisfied with the impounding of the mentioned $3,000, and $1,500 added thereto. Plaintiff rejected the suggestion. · The court found there was an abuse of process and quashed the second series of writs.

Plaintiff seeks ·vacation of the order quashing such writs, contending that there was no abuse of process; that plaintiff and the principal defendants could not make the mentioned stipulation, and the court order, based thereon, was void and the court, upon the last motion to quash, could not find an abuse of process upon the amounts impounded or upon plaintiff's refusal to accept the proffered security, as power in the premises was limited to the statutory method of giving bond in release of money impounded by writs of garnishment (3 Comp. Laws 1929, § 14900). The statutory method of releasing funds impounded by writs of garnishment is not all-embracing. The parties were at liberty to stipulate on the subject and the court had power to enter the order on the stipulation.

Plaintiff's attempted repudiation of the agreement and court order thereon afforded no justification for suing out the subsequent writs, but rather discloses animus incompatible with due observance of use of process. Abuse of process is not limited to

issuance thereof but extends to oppressive use after issuance.

Every court has supervisory control over use of its process and power to prevent abuse thereof by oppressive use. Process of garnishment was available to plaintiff upon making the needful showing. The purpose of garnishment is to impound security for satisfaction of a demand but the statute, 3 Comp. Laws 1929, § 14857, requires the prerequisite of a showing by affidavit that: "the plaintiff or affiant is justly apprehensive of the loss of the same (the demand), unless a writ of garnishment issue."

When plaintiff sued out the second series of writs he already had $3,000 impounded. Just apprehension of loss of such security had been removed by defendants' unsuccessful efforts to quash. This left but $621.50 of his demand unsecured, and for this the writs in question were issued and $10,000 additional funds impounded.

We pass the showing of defendants' ample financial ability to meet their obligations and come to the question of whether plaintiff is on firm ground in standing by the oppressive consequences of the last series of writs.

Of course, the defendant, by bond, could release the impounded funds. This right, however, does not serve as an answer to the question of abuse of process. If the court may not, upon a proper showing, adjust use of its process to fit rights, then an abuse in use of the process will be permitted to run its intended course.

When plaintiff rejected the just method of securing payment of his asserted demand, if and when reduced to judgment, and insisted upon keeping impounded four times the amount of his claim, he disclosed his real animus and the court was not in error

in finding use of the process for an oppressive and unjustifiable purpose.

Denial of the motion to quash the first series of writs was not *res judicata* of the motion and order at bar.

Affirmed, with costs to defendants.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.