UNION GUARDIAN TRUST CO. *v.* CHERLUK.

1. PROCESS—ORDER FOR APPEARANCE—AFFIDAVITS—SUFFICIENCY.
   Sufficiency of affidavit to sustain order for appearance cannot be tested in a piecemeal manner but affidavit must be taken as a whole (3 Comp. Laws 1929, § 14109).

2. SAME—WHEREABOUTS OF DEFENDANT UNKNOWN—AFFIDAVIT— SUFFICIENCY.
   Affidavit, dated April 13, 1934, for order of appearance in mortgage foreclosure suit in chancery, reciting that process server had made a specific effort to locate appellant on March 6th at her last known address but that she no longer lived there, that he had located her agent for collection of rents from mortgaged property but that latter had refused to disclose her whereabouts, that server had made diligent search and inquiry for defendants from February 15 to April 9, 1934, return day of summons, and that he believed it could not be ascertained in what State or country any defendant resided *held*, sufficient on its face to give circuit judge jurisdiction (3 Comp. Laws 1929, § 14109).

3. SAME—SUBSTITUTED SERVICE—CONTENTS OF AFFIDAVIT.
   Affidavit of publication of service need not rest on personal knowledge of the facts, but may be made on information and belief, and it need not state source of affiant's knowledge or information.

4. SAME—JURISDICTION.
   If contents of affidavit of publication of service state requirements of 3 Comp. Laws 1929, § 14109, and officer finds enough in it to satisfy his judgment that the conditions for substituted service exist, he has jurisdiction to make order for appearance.

Appeal from Wayne; Jayne (Ira W.), J. Submitted April 22, 1936. (Docket No. 14, Calendar No. 38,758.) Decided June 4, 1936.

Bill by Union Guardian Trust Company, a Michigan corporation, trustee for Canada Life Assurance Company, against Tella Cherluk and others to foreclose a mortgage. On motion of defendant Lena Danuloff to vacate order of publication. From denial of motion, defendant Danuloff appeals. Affirmed.

*Bulkley, Ledyard, Dickinson & Wright* (*Edgar C. Howbert* and *Ernest D. O'Brien,* of counsel), for plaintiff.

*Leemon, Starr & Fealk* (*Isadore Starr,* of counsel), for defendant Danuloff.

North, C. J. This is a foreclosure of a real estate mortgage. Plaintiff had decree, there was foreclosure sale, and three days before the expiration of the period of redemption defendant and appellant, Lena Danuloff, entered a special appearance and moved to set aside the decree and to vacate the order of publication on the basis of which the court had entered her default. The sufficiency of the affidavit on which this order was made is the only question for review.

Plaintiff placed the issued summons in the hands of one James Walker for service. He obtained personal service on some of the defendants but did not serve all of them. The summons was issued February 15, 1934, and returnable April 9, 1934. On April 13, 1934, the affidavit for order of appearance was made and filed. We quote it in part:

"James Walker, being first duly sworn, deposes and says, that he has attempted to serve the summons in the above entitled cause upon defendants, Ludwig Kitter, Elsie Kitter, his wife, and Lena Danuloff, *making diligent search and inquiry for said defendants from February 15, 1934, to April 9, 1934.*

"Deponent further states that on April 3, 1934, he visited 9241 East Outer Drive, the last known address of the defendants Ludwig Kitter and Elsie Kitter, his wife, that the tenants living at 9241 Outer Drive informed your deponent that Ludwig Kitter and Elsie Kitter, his wife, no longer lived at that address, and that they did not know where they now resided. * * *

"Deponent further says that he visited 3710 Richton avenue, that being the last known address of the defendant Lena Danuloff, and was informed by persons living there that said defendant no longer lived at said address. Deponent further says that on March 6, 1934, he visited Samuel Shapero at 11551 Dexter boulevard, Detroit, Michigan, who informed your deponent that he was acquainted with the defendant Lena Danuloff, that he was her agent for the collection of rents from the mortgaged premises which are the subject of this suit, that the defendant Lena Danuloff lives with a married daughter, but the said Samuel Shapero refused to give your deponent any further information concerning the defendant Lena Danuloff's whereabouts or address of said defendant.

"Deponent further states that he believes such information he has received to be true and on information and belief that it cannot be ascertained in what State or country the defendants or any of them reside."

The circuit judge held the foregoing affidavit sufficient and denied the motion of defendant and appellant Lena Danuloff to set aside the order of publication.

Appellant seeks to sustain her position in this court by dividing the affidavit made into separate parts and attempting to point out that no one of its parts is sufficient, and contends therefore the affidavit in toto is insufficient. Obviously an affidavit of

this character cannot be tested in that manner. Instead the question is, Does sufficient appear from the face of the affidavit as a whole to sustain the order of publication?

Appellant's main contention is that 38 days intervened between March 6, 1934, and the return day of the summons, and (as appellant would interpret the affidavit) since the affidavit discloses no further effort to obtain service during the 38-day period it is insufficient to sustain the order made. Obviously the circuit judge to whom application was made for this order of publication did not so construe the affidavit. Instead he considered the affidavit as a whole and by so doing was advised that as late as April 3, 1934, Walker was attempting to get service on certain of the defendants in this cause; that on March 6, 1934, he had made a specific effort to obtain service on appellant, had located the agent who for her had charge of or at least was collecting the rents of the mortgaged premises and that such agent refused to disclose the whereabouts of appellant, and still further the circuit judge was advised by affiant in his affidavit that he made "diligent search and inquiry for said defendants from February 15, 1934, to April 9, 1934." And finally that he, Walker, because of the information he had received, believed that it could not be ascertained in what State or country appellant then resided. This gave the circuit judge jurisdiction.

Appellant relies largely upon *Union Guardian Trust Co.* v. *Grevnin,* 261 Mich. 344. That case is not in point. Instead it arose under the second subdivision of the statute. 3 Comp. Laws 1929, § 14109. This subdivision provides for substituted service upon a person known to be a resident of the State

but who is concealed therein or absent from his place of residence, and for such reason process cannot be served. In the cited case it was held that an unexplained delay of 21 days between the return day of the summons and the date of the affidavit for the order of publication was fatal to the court's jurisdiction. That question is not involved in the instant case which falls under subdivision three of the statute wherein there is no requirement for issuing process.

The instant case is controlled by *Kretzschmar* v. *Rosasco,* 250 Mich. 9, wherein Mr. Justice FEAD, speaking for the court, said:

"An affidavit of publication need not rest on personal knowledge of the facts, but may be made on information and belief. It need not state the source of affiant's knowledge or information. If the contents of the affidavit state the statutory requirements and the officer finds enough in it to satisfy his judgment that the conditions for substituted service exist, he has jurisdiction to make the order." (Citing cases.)

As hereinbefore noted, we are of the opinion that the affidavit was sufficient to give the trial court jurisdiction. The order made in the circuit court so holding is affirmed. Costs to appellee.

FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.