## COLD METAL PROCESS CO. v. McLOUTH STEEL CORPORATION et al.

No. 8782.

Circuit Court of Appeals, Sixth Circuit.

March 4, 1942.

See, also, D.C., 41 F.Supp. 487.

A. Hilliard Williams, of Detroit, Mich. (Butzel, Eaman, Long, Gust & Bills, of Detroit, Mich., Manchester, Ford, Bennett & Powers, of Youngstown, Ohio, and Charles A. Wagner and A. Hilliard Williams, both of Detroit, Mich., on the brief), for appellant.

T. Donald Wade, of Detroit, Mich. (William B. Cudlip, T. Donald Wade, J. Windsor Davis, Peter Pocock, and Bulkley, Ledyard, Dickinson & Wright, all of Detroit, Mich., on the brief), for McLough Steel Corporation, principal defendant-appellee.

Before HICKS, HAMILTON, and MARTIN, Circuit Judges.

HAMILTON, Circuit Judge.

Appellant appeals from an order quashing a writ of garnishment and dismissing the appellees, National Bank of Detroit, Manufacturers National Bank and the Detroit Bank, as garnishees.

On February 14, 1940, appellant instituted this action against appellee, McLouth Steel Corporation, to recover $50,000 in royalties allegedly due under a license contract for the use of two rolling mills, and also for interest and cost. In a bill of particulars filed with its petition appellant set forth that there was due it under the contract for the month of June 1929, royalties in the amount of $4,056.95; for the months of July and December inclusive of the same year, approximately $45,000, the exact amount of which was unknown to it, but was known to appellee.

On April 15, 1940, appellee, McLouth Steel Corporation, filed its answer, denying the allegations of appellant's petition and also filed a counterclaim for damages in the amount of $115,000. Appellant answered the counterclaim May 17, 1940.

On July 2, 1940, appellant filed the affidavit of its secretary for a writ of garnishment, which had been verified June

15, 1940, in which it was alleged that the original action was personal, arising upon an express or implied contract and that appellee, the McLouth Steel Corporation, was justly indebted to appellant upon said contract in the sum of $105,000, over and above all legal set-offs, and that all of said sum was then due and unpaid and that appellant was entitled to recover in said action said sum against appellee. Affiant further stated that the appellant was justly apprehensive of the loss of the sum due, unless a writ of garnishment issued to the appellee Banks. Affiant further stated that appellant's claim was not based on work or labor performed for appellee, McLouth Steel Corporation.

The court, pursuant to appellant's motion supported by said affidavit, issued its writ of garnishment to the appellee Banks. Appellee, National Bank of Detroit, answered and disclosed it was indebted to the McLouth Steel Corporation in the sum of $90,118.74 and The Detroit Bank answered and disclosed that it was indebted in the sum of $98,669.05.

On July 10, 1940, appellee, McLouth Steel Corporation, filed motion to quash the writ of garnishment and as grounds therefor stated that the court lacked jurisdiction to issue the writ because (a) the affidavit in support thereof was made June 15, 1940, sixteen days before the issuance of the writ and (b) that the appellee was financially solvent and had within the jurisdiction of the court property subject to its debts many times in excess of appellant's claim and those of its other creditors, (c) that appellant's petition and bill of particulars showed that its claim against appellee, McLouth Steel Corporation, was unliquidated, speculative, uncertain and could not be measured by any standard found in the contract upon which appellant relied for recovery, (d) that the affiant making the affidavit upon which the writ issued knew no fact and stated none which would show that appellant could be justly apprehensive of the loss of any sum, unless the writ of garnishment sought was allowed.

Appellee filed, in support of its motion to quash, a financial statement showing balance sheet and profit and loss summary of its assets and profits as of December 31, 1939, which showed current assets greatly in excess of appellant's claims and those of its other creditors.

The court sustained appellees' motion and quashed the writ of garnishment and

discharged the garnishees, from which order this appeal is prosecuted.

Rule 64 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, makes available to litigants the remedy of garnishment as provided by the law of the state in which the District Court is held. Section 14857 of the Compiled Laws of Michigan for 1929, Michigan Annotated Statutes, Section 27.1855, provides that in all personal actions arising upon a contract, writs of garnishment may issue, if the plaintiff, his agent or attorney shall file with the Clerk of the Court an affidavit stating "he has good reason to believe, and does believe, that any person (naming him) has property, money, goods, chattels, credits or effects in his hands or under his custody or control, belonging to the defendant * * * and that the principal defendant (naming him or them) is justly indebted to the plaintiff on such contract * * * in a given amount, over and above all legal set-offs, and that the plaintiff or affiant is justly apprehensive of the loss of the same unless a writ of garnishment issue to the aforesaid person, a writ of garnishment shall be issued."

Appellant urges that the affidavit on which the present writ of garnishment was issued strictly complied with the above statute and that the truthfulness of the facts stated in the affidavit cannot be controverted on a motion to dismiss or quash. It also insists that Section 14900 of Michigan Compiled Laws for 1929 provides the only remedy for the discontinuance of garnishment proceedings. This statute provides in part that the principal defendant in a garnishment action may have the proceedings discontinued at any time after the service of the writ and previous to the rendering of judgment thereon if he files with the Clerk of the Court his bond with at least two sufficient sureties to the plaintiff as obligees in a penal sum equal to double the amount of the claim of the plaintiff as sworn to in the affidavit filed for the writ of garnishment.

The sole question for decision is, did the Court have the power to quash the writ of attachment under the circumstances here present? It is settled law in the State of Michigan that garnishment proceedings must follow the statute strictly. Kennedy v. McLellan, 76 Mich. 598, 43 N.W. 641. Defects and irregularities in the institution of garnishment constitute grounds for a motion to vacate, quash or

dissolve the garnishment. Shevin v. Venderbush Company, 280 Mich. 499, 273 N. W. 780.

We turn first to the appellees' claim of defects or irregularities in the proceedings. The Statute in question requires the filing of the affidavit for a writ of garnishment at the time of or after commencement of suit to entitle the plaintiff to the writ. It is claimed by appellee that as the jurat to the present affidavit was made sixteen days before the application for the writ of garnishment, the court had no jurisdiction to issue the writ.

In Shevin v. Venderbush Company, supra, the affidavits for the writs of garnishment were made at nine o'clock in the evening of November 9, 1936, and the writs of garnishment were issued the following morning. The Court there decided that there was no statutory provision fixing the time with reference to the filing within which the affidavit may be made and that a general rule prevailed that such a length of time must not elapse before its use that the inference might be drawn that the state of facts alleged in the affidavit had in the interim changed. No other Michigan case throwing light on the question at issue has been cited by counsel and no available data deciding precisely what the State law is as applied to the case at bar has been called to our attention and we have found none. West v. American Telephone & Telegraph Company, 311 U.S. 223, 237, 61 S.Ct. 179, 85 L.Ed. 139, 132 A.L.R. 956.

■ Our problem becomes more difficult by reason of the fact there is no controlling reported decision from the State Court of Michigan, but under such circumstances, it is our duty to solve the question by resort to any persuasive data that is available, such as justifiable inferences or fair implications from other related adjudications and by reference to and application of the rule laid down in the case of Shevin v. Venderbush Company, supra.

Sections 14109 and 14112, inclusive, of the Michigan Compiled Laws for 1929 provide for substituted service on the absent, non-resident and concealed defendants in chancery cases. As a prerequisite to the publication of notice, an affidavit is required that defendant resides out of the State, or that process has been issued for his appearance and cannot be served by reason of his absence from or his concealment within the State, and that it cannot be ascertained in what State or County defendant resides. In the case of the New York Baptist Union v. Atwell, 95 Mich. 239, 54 N.W. 760, an affidavit of non-residence made five days before the making of an order for appearance of an absent defendant, did not confer jurisdiction on the court. The court in that case, said: "The rule that as matter of evidence a fact in its nature continuous, being once shown to exist, will often be presumed to continue, unless the contrary be shown, does not apply to the averment of a jurisdictional fact, which must appear as existing at the time the order is made."

In the case of Union Guardian Trust Company v. Grevnin, 261 Mich. 344, 246 N.W. 143, 144, the return date of the alias summons was November 9, 1931, but the affidavit showing the inability to serve defendants was not executed until November 30, 1931, an interim of twenty-one days. The court, in deciding that the substituted service was insufficient to confer jurisdiction, said: "There is no presumption that the inability to serve defendants continued for the twenty-one days that elapsed between the return day of the summons and the date of the affidavit for the order of publication."

■ Applying the rule, in the light of the above decisions, that the base affidavit must not be made for such length of time before the writ of garnishment issues as to support an inference that the state of just apprehension has disappeared, we are of the opinion that the inference could be drawn from the unexplained delay in filing the affidavit that the state of just apprehension had disappeared. An inference is but a reasonable deduction and conclusion from proven facts. We cannot say from this record that the lower court lacked the power to quash the writ of garnishment because of the jurisdictional defect in the proceedings and we believe that the facts impel the conclusion that the proceedings were so defective as to make the court impotent to issue the writ.

■ Garnishment proceedings depend solely upon the statute, the construction of which in the first instance is strict and the burden of a literal compliance with its terms is placed on those who invoke its use and no liability whatever is cast upon the garnishee except by the plain terms of the statute literally followed.

Milwaukee Bridge & Iron Works v. Brevoort, 73 Mich. 155, 41 N.W. 215; Ford v. Detroit Dry Dock Company, 50 Mich. 358, 15 N.W. 509.

The Court stated in its order quashing the writ that the appellant could not have had any just apprehension of loss of its demand, and that therefore the issuance of the writ constituted an abuse of the court's process. From this appellant argues that we should decide only whether the facts show that appellant had cause for just apprehension and that in deciding this issue, we must assume that the affidavit of appellant's secretary is true and disregard all of the countervailing evidence of appellee, McLouth Steel Corporation. It further urges that the question of jurisdiction because of the lapse of time from the date the affidavit was made to the issuance of the writ is not before us for decision. To this we do not agree. Abuse of process is a ground for quashing a writ of garnishment in Michigan. Tsingos v. Michigan Packing Company, 272 Mich. 7, 260 N.W. 783.

There is nothing in the record to show that the court in entering its order did not take into consideration the lapse of time between the date the affidavit was made and the issuance of the writ. In any event, the rule applies that the appellee may urge, or the appellate court sua sponte may consider any theory, argument or reason in support of a decision of a lower tribunal regardless of whether or not it applied that theory. Le Tulle v. Scofield, 308 U.S. 415, 421, 60 S.Ct. 313, 84 L.Ed. 355; Helvering v. Gowran, 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224.

Order affirmed.