**SAVADA BROS., Inc. v. CONVILLE.**

**Civ. A. No. 3108.**

District Court, M. D. Pennsylvania.

May 7, 1948.

McCormick, Herdic & Furst, of Williamsport, Pa., (Henry C. McCormick, of Williamsport, Pa. of counsel), for plaintiff.

Malcolm Muir, of Williamsport, Pa., for defendant.

FOLLMER, District Judge.

Plaintiff brought an action for the recovery of possession of a quantity of shirts, filed a replevin bond, and replevied the said articles. The complaint alleges that the plaintiff, under an oral contract, delivered to the defendant material which defendant was to manufacture into shirts and pajamas on a cost-plus basis, and that "* * * Defendant demanded a sum of money for making said shirts and pajamas in excess of the agreed amount; ". Defendant moved to dismiss the action contending that the goods were subject to a common law manufacturer's lien and could not be replevied prior to tender of the amount of the lien.[1]

This argument is predicated on the theory that replevin in Pennsylvania is now governed by the provisions of the Pennsylvania Rules of Civil Procedure,[2] and that being procedural they do not govern in the

---

[1] For the Common Law Rule in Pennsylvania, defendant cites inter alia, Mathias v. Sellers et al., 1878, 86 Pa. 486, 27 Am.Rep. 723 and McIntyre v. Carver, 1841, 2 Watts & S. 392, 37 Am.Dec. 519.

[2] Pennsylvania Rules of Civil Procedure, Rules 1071–1086, 12 P.S.Appendix, effective January 1, 1947, set up a comprehensive procedure in actions in replevin.

federal courts. That the only federal rule referring to replevin, namely Rule 64 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, does not provide for the determination of lien questions in replevin, and consequently whether as to goods subject to such lien, replevin will or will not lie without actual tender, must be determined under the common law.[3]

On this Motion to Dismiss, we are not concerned with the merits, but solely with the question of whether the pleadings sustain the cause of action. With reference to seizure of property, Rule 64 of the Federal Rules of Civil Procedure, subject to certain qualifications not material here, (and while providing that the action in which the remedy is used shall be commenced and prosecuted pursuant to the federal rules) does make the remedy of replevin " * * * available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought, * * *." Moore[4] in discussing this rule states "Any existing statute of the United States governs to the extent to which it is applicable. But in the main, federal statutes governing seizure of person or property apply only to actions by the United States. Therefore in the great bulk of cases the question whether a provisional remedy for the seizure of person or property is available is determined by the law of the state in which the district court is held, *existing at the time the remedy is sought*. Continuing conformity is therefore provided for. In other words the current law of the state will determine what type of claim warrants seizure of person or property, what affidavits and undertakings are necessary, and what property is subject to seizure."

In determining whether under the facts here alleged, the property is subject to seizure without tender, on the type of claim made in the instant case, and whether replevin is an available remedy, it becomes our duty, in the absence of any state decision directly in point, to resort to any persuasive data available, and from related adjudications to seek the fair implications.[5]

In Mathias v. Sellers et al., 1878, 86 Pa. 486, 491, 27 Am.Rep. 723, involving tobacco which had been delivered to, and manufactured into cigars by defendant, the Supreme Court of Pennsylvania said, "It has long been a settled rule of the common law, that goods deposited with a tradesman or artizan for manufacture or repair, are subject for the work done on them to a specific lien. * * * A particular lien is given by the common law to any one who takes property in the way of his trade or occupation, to bestow labor and expense upon it."

In 1901 the Pennsylvania Legislature passed "An act relating to replevin, and regulating the practice in cases where the writ of replevin is issued."[6] Of this Act the court in Young v. Couche, 1913, 52 Pa. Super. 592, 595, said "Prior to the Act of April 19, 1901, P.L. 88, the remedy by replevin would not have been available to the owner until he had first paid or tendered the amount of the debt or damages secured by the lien: McIntyre v. Carver, 2 Watts & S. 392, 37 Am.Dec. 519; Mathias v. Sellers, 86 Pa. 486, 27 Am.Rep. 723. The legislature, however, in the act last named, changed the entire practice and procedure in actions of replevin and enlarged their scope to the extent at least of making that remedy available to an owner even where, as here, the defendant had acquired a lien upon the chattel. It was well said by Judge Henderson, speaking for this court, in Drumgoole v. Lyle, 30 Pa.Super. 463: 'The Act of April 19, 1901, P.L. 88, does not except from its operation any action of replevin distinguishable from others because of the particular facts out of which it arises. * * * The title; the provisions for giving a bond before the writ goes out; for the service; for the admission of intervening parties; for the filing of a declaration under oath and an affidavit of defense

---

[3] In addition to the Pennsylvania decisions, supra, defendant refers to Ford Motor Co. v. Farrington et al., 9 Cir., 1917, 245 F. 850.

[4] Moore's Federal Practice Vol. 3, page 3310.

[5] Cold Metal Process Co. v. McLouth Steel Corporation et al., 6 Cir., 126 F.2d 185, 188.

[6] Act of April 19, 1901, P.L. 88 (Pa.), 12 P.S. § 1824 et seq.

clearly indicate that the statute was intended to provide a convenient practice under which the rights of all parties interested in the property might be worked out.' "

In Blossom Products Corporation v. National Underwear Company, 1937, 325 Pa. 383, 386, 191 A. 40, 42, plaintiff had delivered rayon material to defendant to manufacture into underwear, but replevied the material before it had been manufactured. It appears the material had been cut and the goods are referred to as unfinished goods. Defendant claimed a lien for work done and damages for a breach of the contract on plaintiff's part. After discussing various principles applicable to replevin, the court said, "Applying these principles to the facts of the instant case, appellee made out a prima facie case by presenting uncontroverted evidence of its title to the rayon material, which entitled it to immediate, exclusive possession of the property as against appellant and the burden shifted to appellant to prove property, general or special, vesting it with the right to retain possession, *or at least a lien, giving it the right to a conditional verdict* under the Act of April 19, 1901, P.L. 88, § 6, which provides: 'If any party be found to have only a lien upon said goods and chattels, a conditional verdict may be entered, which the court shall enforce in accordance with equitable principles.' " (Emphasis supplied.)

■ Although the pertinent sections of the Pennsylvania Replevin Act of 1901 have been suspended [7] by the Pennsylvania Rules of Civil Procedure, Rules 1071–1086 of the Pennsylvania Rules of Civil Procedure effective January 1, 1947, which now govern actions in replevin, while making some slight changes of a strictly procedural nature, did not change the law as to plaintiff's right to recover possession, or defendant's right to a conditional verdict for protection of his lien.[8] Nor did it in anywise alter existing law as to tender.

■ It was contended at the argument on the motion, that the replevin action was instituted after defendant had notified plaintiff that if payment was not made within thirty days, the goods would be sold, "in accordance with Pennsylvania Act of Assembly of May 7, 1925,[9] P.L. 557, governing the rights of a manufacturer to sell to satisfy his common law lien." and that defendant is estopped from claiming, as he now does, that said Act applies only to repair and not to manufacture. That Act specifically recognizes the right to replevin and requires no tender. If applicable, defendant's motion to dismiss could not prevail. If not applicable, the remedy of replevin, is, as we have indicated, nevertheless, available.

■ I therefore conclude that under Rule 64 of the Federal Rules of Civil Procedure, replevin, under the circumstances of this case, is an available remedy in this court without any prerequisite of tender and accordingly deny the motion to dismiss.

---

[7] By Rule 1456(6) of the Pennsylvania Rules of Civil Procedure with reference to actions of replevin, Sections 1 to 9 of the Act of April 19, 1901, P.L. 88, are suspended. Section 10 of the Act, not pertinent here, is retained by Rule 1406(6).

[8] See Rule 1082 of the Pennsylvania Rules of Civil Procedure.

[9] Section 1 of the Pennsylvania Act of May 7, 1925, P.L. 557, (6 P.S. § 11) provides that " * * * the owner of said property, if he disputes said bill, may issue a writ of replevin, as provided by law, within the said thirty days, and the said dispute shall be settled in said action of replevin."